**NEIGHBORS OF CASINO SAN PABLO, an Unincorporated Association, et al., Appellants**

**v.**

**Kenneth Lee SALAZAR, in his Official Capacity as Secretary of the Interior, et al., Appellees.**

No. 11–5136.

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 2011.

Neighbors of Casino San Pablo, an Unincorporated Association, pro se.

Daniel Brandeis Edelman, Katz, Marshall & Banks, LLP, Washington, DC, for Appellants.

Andres Soto, pro se.

Anne Ruffino, pro se.

Adrienne Harris, pro se.

Tania Pulido, pro se.

Julia I. Areas, pro se.

William Brandt Lazarus, Elizabeth Ann Peterson, Mary Gabrielle Sprague, Esquire, U.S. Department of Justice, Washington, DC, for Appellees.

Before: HENDERSON, ROGERS, and TATEL, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal from the United States District Court for the District of Columbia's order granting defendants' motion to dismiss was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Counts One and Two, which challenge the National Indian Gaming Commission's (NIGC's) approval of the 2003 and 2008 ordinances, fail for lack of standing because, even if those approvals are invalid, gaming may continue under the 1999 ordinance, which plaintiffs do not challenge. *See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 937 (D.C.Cir.2004) ("To satisfy the requirements of Article III standing ... 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' " (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))). Although plaintiffs argue that they could later challenge NIGC's approval of the 1999 ordinance, this cannot help them: for standing to exist, the relief sought in this suit must directly redress the injury. *See id.*

To the extent Count Three challenges the NIGC's approval of the 2003 and 2008 ordinances, it too fails for lack of standing.

To the extent it presents a constitutional challenge to section 819 of the Omnibus Indian Advancement Act of 2000, Pub.L. No. 106–568, § 819, 114 Stat. 2868, 2919, the claim is time-barred. The claim first accrued on December 27, 2000, when Congress passed section 819, but plaintiffs failed to file their suit until December 18, 2009, almost nine years later. *See* 28 U.S.C. § 2401(a) (barring actions against the United States filed more than "six years after the right of action first accrues"). To the extent this count presents a nonstatutory challenge to the Secretary of the Interior's action taking the property into trust on October 9, 2003, that claim, too, is time-barred because plaintiffs filed this suit more than six years later. *See id.*

Count Four fails because it adds only a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, and "[i]t is a well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction." *Ali v. Rumsfeld,* 649 F.3d 762, 778 (D.C.Cir.2011) (internal quotation marks omitted). To the extent this count incorporates the non-statutory claims in Count Three, those claims are time-barred for the reasons stated above.

Count Five, which challenges the Secretary's Reservation Proclamation, also fails for lack of standing because that proclamation was issued more than seven months after the Lyttons began gaming, and thus caused plaintiffs no injury. *See Ord v. District of Columbia,* 587 F.3d 1136, 1140 (D.C.Cir.2009) ("The plaintiff's injury must be fairly traceable to the challenged action of the defendant . . . ." (internal quotation marks omitted)).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.